Argued and submitted October 27, 1994, reversed and remanded January 18, 1995

# STATE OF OREGON,
*Appellant,*

*v.*

# JAMES MARSH,
*Respondent.*

(CF 93-0262; CA A82362)

888 P2d 580

Ann Kelly, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Louis R. Miles, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

The state appeals from an order dismissing the cause after the prosecution refused to participate in a court-ordered preliminary hearing. We reverse.

On March 1, 1993, the Umatilla County District Attorney charged defendant by information with unauthorized use of a motor vehicle, ORS 164.135, and the trial court scheduled a preliminary hearing. However, on April 14, 1993, before the preliminary hearing occurred, the state obtained a secret grand jury indictment charging defendant with the same crime. On April 15, 1993, the state dismissed the information without prejudice.

After the information was dismissed, defendant, relying in part on *State v. Freeland*, 295 Or 367, 667 P2d 509 (1983), moved the circuit court for a post-indictment preliminary hearing. The state opposed that motion arguing that: (1) on April 1, 1993, the district attorney's office adopted a policy that required all felony cases to be presented to the grand jury; (2) the subsequent decision to obtain an indictment and dismiss the information against defendant accorded with that policy;[1] and (3) the dismissal of the information terminated defendant's entitlement to a preliminary hearing. The circuit court rejected those arguments and on June 17, 1993, ordered that proceedings against defendant be stayed pending the completion of a post-indictment preliminary hearing in the district court.

The preliminary hearing was scheduled for August 10, 1993. However, at that time, the state refused to proceed, stating:

> "[S]ince no information was filed according to the statute the defendant is not entitled to a preliminary hearing. The facts of this case were presented to a grand jury. The grand jury returned a true bill. We have filed the indictment back in April. As a result we are not putting on any evidence today."

Faced with that refusal, and after further briefing, on November 9, 1993, the district court issued a "Memorandum of Opinion," which concluded:

---

[1] Unauthorized use of a motor vehicle is a Class C felony. ORS 164.135(2).

"[B]ecause the State of Oregon intentionally failed to produce any evidence whatsoever with respect to the preliminary hearing, the Court is left with no choice but to find there was no probable cause showing that a crime has been committed or that the defendant committed it and therefore this Court is dismissing the indictment. The defendant shall be discharged. ORS 135.175."[2]

The Memorandum of Opinion directed defense counsel to prepare "the appropriate order" and to "submit it to the [circuit] court for signature." On December 7, 1993, the circuit court entered its order dismissing the cause with prejudice. The state appeals from that order.

■      We first address defendant's argument that, because the state appealed only from the December 7 order, and not from either the June 17 order requiring a post-indictment preliminary hearing or the November 9 Memorandum of Opinion, we cannot review the propriety of the June 17 order. We disagree. Under ORS 138.060, neither the June 17 order nor the November 9 Memorandum of Opinion was appealable. ORS 138.060,[3] which defines our jurisdiction, does not permit an appeal of an order requiring a post-indictment preliminary hearing. Moreover, although the Memorandum of Opinion paved the way for "[a]n order made prior to trial dismissing or setting aside the accusatory instrument," ORS 138.060(1), it was not such an order itself; indeed, it expressly contemplated the entry of a separate order of dismissal. Thus,

---

[2] ORS 135.175 provides:

"After hearing the evidence and the statement of the defendant, if the defendant has made one, unless there is a showing of probable cause that a crime has been committed and that the defendant committed it, the magistrate shall dismiss the information and order the defendant to be discharged."

[3] ORS 138.060 provides:

"The state may take appeal from the circuit court or the district court to the Court of Appeals from:

"(1) *An order made prior to trial dismissing or setting aside the accusatory instrument*;

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence.

"(4) An order made prior to trial for the return or restoration of things seized; or

"(5) A judgment of conviction based on the sentence as provided in ORS 138.222." (Emphasis supplied.)

only the December 7 order is appealable, and the propriety of the June 17 order is reviewable in the context of that appeal.

■    Turning to the merits, we conclude that the trial court erred in holding that defendant was entitled to a post-indictment preliminary hearing. Accordingly, the dismissal of the cause because of the state's failure to participate in such a hearing must be reversed.

In *State v. Freeland, supra,* 295 Or at 379, the defendant was initially charged by information with robbery in the second degree and a preliminary hearing was set. However, before the hearing date, the prosecutor sought and obtained an indictment for the same charge, precluding the preliminary hearing. The defendant then moved for a post-indictment preliminary hearing, arguing that, in the particular circumstances, the deprivation of a hearing violated his rights under Article I, section 20, of the Oregon Constitution.[4] The trial court granted the motion, and the Supreme Court affirmed:

> "The preliminary hearing itself is not constitutionally required where probable cause to prosecute is shown to the satisfaction of a grand jury. 'The two methods are capable of valid administration, if the "terms" on which one or the other method is used are defensible under the constitutional guarantees of equal treatment.'
>
> "* * * * *
>
> "[A] constitutional claim for equal treatment is made out when the accused shows that preliminary hearings are offered or denied 'to individual defendants, or to social, geographic, or other classes of defendants * * * purely haphazardly or otherwise on terms that have no satisfactory explanation under [A]rt I, § 20.' " 295 Or at 372, 374. (Citations omitted.)

*Freeland's* rationale is equally applicable to this case. But the facts here are materially different. In this case, unlike in *Freeland,* the prosecutor's decision to obtain an indictment

---

[4] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

and to dismiss the prior information was not made "haphazardly" or on some impermissibly discriminatory basis but, instead, accorded with a new, uniform charging policy. Although defendant had the burden of proving that the prosecution's charging decision was constitutionally impermissible, *State v. Freeland, supra,* 295 Or at 274, he failed to adduce any proof of the sort *Freeland* describes. In particular, defendant did not show that the Umatilla County District Attorney's office promulgated its new charging policy for the purpose of denying preliminary hearings to persons, like defendant, who had been charged by information as of April 1, 1993, but who had not yet received a preliminary hearing. Nor did defendant show that the district attorney's office impermissibly discriminated in its actual application of its "indictments only" policy.

■    Because defendant failed to bear his burden of proof under *State v. Freeland, supra,* he was not entitled to a postindictment preliminary hearing, and the state was not obliged to participate in such a hearing. *Accord State v. Sanford,* 245 Or 397, 405, 421 P2d 988 (1966) (the defendant was not deprived of his right to a preliminary hearing when the state obtained an indictment after having first charged by information). Accordingly, the trial court erred in dismissing the cause because of the state's refusal to participate in the postindictment preliminary hearing.[5]

Reversed and remanded.

---

[5] We note, moreover, that *Freeland* suggests that the proper remedy for the state's failure to proceed with a preliminary hearing is not immediate dismissal, but dismissal under the speedy trial provisions of ORS 135.747 and ORS 135.750.